IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**RUSSELL DEAN WILLIFORD,**        )
                                   )
            **Petitioner,**    )
                                   )
vs.                                ) Case No.  CIV-11-146-JHP-KEW
                                   )
**JAMES RUDEK, WARDEN,**           )
                                   )
            **Respondent.**    )

## OPINION AND ORDER

On April 25, 2011, Petitioner, a state inmate appearing *pro se*, filed a Petition pursuant to 28 U.S.C. § 2254 for a Writ of Habeas Corpus [Dkt. # 1]. Petitioner, an inmate currently incarcerated at the Oklahoma State Reformatory in Granite, Oklahoma, attacks his conviction in the District Court of Marshall County, Case No. CF-96-24 for Murder in the First Degree. On February 13, 1997, Petitioner was sentenced to life imprisonment without the possibility of parole. In response to the petition, Respondent, on June 8, 2011, filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction based upon petitioner's failure to obtain leave to prosecute a second or successive habeas petition [Dkt. # 6]. On June 27, 2011, Petitioner filed a response to respondent's motion to dismiss [Dkt. # 8]. For the reasons discussed below, this Court finds the petition for writ of habeas corpus should be dismissed for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

On March 19, 1999, Petitioner filed a petition for writ of habeas corpus challenging his conviction in Marshall County District Court Case No. CF-96-24. *See*, *Williford v. Champion*, Eastern District of Oklahoma Case No. CIV-99-122-FHS-JHP. On February 23, 2001, the petition was dismissed and the court denied a certificate of appealability. [Dkt. 7-3]. On November 23, 2001, the Tenth Circuit Court of Appeals denied petitioner's request for a certificate of appealability and dismissed his appeal. [Dkt. 7-5].

The instant federal habeas corpus petition filed over ten years after the dismissal of his first federal habeas corpus petition alleges entitlement to a lesser included offense instruction on Second Degree Depraved Mind Murder. In support of his request for relief, petitioner cites to *Richie v. Workman*, 599 F.3d 1131 (10th Cir. 2010). This Court, however, lacks jurisdiction to consider the arguments made by petitioner because petitioner has not sought leave of the Tenth Circuit Court of Appeals to file a second or successive petition in accordance with 28 U.S.C. § 2244(b)(3)(A).

The Tenth Circuit Court of Appeals has indicated "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged

are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Cline*, 531 F.3d at 1251.  "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Upon examination of the current petition filed herein, this Court finds it would be a waste of judicial resources to transfer the petition.  Petitioner's judgment became final approximately ten years ago and Petitioner is not relying on any newly recognized constitutional right.  Instead, Petitioner's claim relies upon Supreme Court precedent established in *Beck v. Alabama*, 447 U.S. 625 (1980).  As a result, his claims are time barred. *See*, 28 U.S.C. § 2244(d)(1).

To overcome the bar, Petitioner cites *Richie v. Workman*, 599 F.3d 1131 (10th Cir. 2010).  *Richie* does not assist Petitioner's claim, however, since that case stands solely for the proposition that the Oklahoma Court of Criminal Appeals had unreasonably applied applicable Supreme Court precedent handed down in *Beck* in the *Richie* case.  Therefore, this Court finds the Motion should be dismissed.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for writ of habeas corpus [Dkt. # 1] is **dismissed** for lack of jurisdiction as a successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

2. Respondent's motion to dismiss [Dkt. # 6] is **granted**.

3. Pursuant to Rule 11 of the Rules Governing Section 2254 cases, this Court hereby **denies** a certificate of appealability

4. A separate judgment shall be entered in this matter.

DATED THIS 25th day of October 2011.

James H. Payne
United States District Judge
Eastern District of Oklahoma